# FREDERICK M. FISHER et ux. v. TRION, INC., et al. —353 S. W. (2d) 406.

Eastern Section. June 27, 1961.

Petition for Certorari Denied December 8, 1961.

Foster R. Arnett and Jack B. Draper, Knoxville, for plaintiffs in error.

Kramer, Dye, McNabb & Greenwood, Knoxville, for defendants in error.

COOPER, J. This appeal is from the action of the trial judge in sustaining a plea in abatement to the service of process on a foreign corporation.

The plaintiffs, Frederick M. Fisher and his wife, Herta Fisher, filed suit against the Trion, Inc., and others, seeking to recover damages caused by the malfunction of certain electronic air cleaners designed and manufactured by the defendant, Trion, Inc. The summons, which was directed to the defendant Trion, Inc., was served upon Ralph L. Rogers, as Trion's resident agent in Knox County, Tennessee. Thereafter the clerk of the Circuit Court of Knox County forwarded a copy of the summons and the declaration to the home office of the defendant corporation in accordance with the provisions of T.C.A. sec. 20-221.

The defendant Trion, Inc. filed a plea in abatement to the service of process averring, in substance, that the Circuit Court did not have jurisdiction of the defendant Trion, Inc., as it was a non-resident corporation and was not doing business in Tennessee; that it had no office or place of business in this State nor had it designated an agent upon whom process could be served; that Ralph L. Rogers was not its agent but was an independent manufacturer's representative who had no authority to make contracts in behalf of the defendant corporation.

The plaintiffs joined issue on the plea in abatement and proof was presented. The trial judge found that:

"The court finds and holds that Trion, Inc. was not doing business in the state of Tennessee; that Rogers was not a legal agent of Trion, Inc. either by direct appointment or by implication of law for the service of process, but was only a manufacturer's agent or representative for soliciting orders for or selling the manufactured products of Trion, Inc. on commission basis which gives him the status of an independent contractor or broker but not the status of a legal agent upon whom service of process may be had."

and sustained the plea in abatement.

The plaintiffs took voluntary non-suits as to all other defendants and appealed from the trial court's ruling on the plea in abatement stating:

"The sole issue presented on this appeal is whether under the obtaining facts and circumstances Trion is subject to suit by Fisher in the State of Tennessee

pursuant to the provisions of Tennessee Code Annotated, Sections 20-220 and 20-221.''

The material portions of said statutes are as follows:

T.C.A. sec. 20-220. *''Foreign corporations subject to actions.*—Any corporation claiming existence under the laws of the United States or any other state * * * found doing business in this state, shall be subject to suit here to the same extent that corporations of this state are by the laws thereof liable to be sued, so far as relates to any transaction had, in whole or in part, within this state, or any cause of action arising here, but not otherwise. Any such corporation * * * having any transaction concerning any property situated in this state, through any agency whatever, acting for it within the state, shall be held to be doing business here within the meaning of this section.''

T.C.A. sec. 20-221. *''Service on foreign corporations.*—Process may be served upon any agent of said corporation * * * found within the county where the suit is brought, no matter what character of agent such person may be; and, in the absence of such an agent, it shall be sufficient to serve the process upon any person, if found within the county where the suit is brought, who represented the corporation at the time the transaction out of which the suit arises took place, or, if the agency through which the transaction was had, be itself a corporation * * *, then upon any agent of that corporation * * * upon whom process might have been served if it were the defendant. * * * [the remaining part of said statute refers to the manner in which the sheriff

is to make his return and to the duty of the Clerk to send a copy of the process to the home office of the corporation].

█ A foreign corporation is "doing business within the state" when it transacts therein some substantial part of its ordinary business, and its operation within the state is continuous in character as distinguished from merely casual or occasional transactions. Interstate Amusement Co. v. Albert, 128 Tenn. 417, 161 S. W. 488; Lummus Cotton Gin Co. v. Arnold, 151 Tenn. 540, 269 S. W. 706; Bouldin v. Taylor, 152 Tenn. 97, 275 S. W. 340.

The evidence in this record discloses that the defendant Trion, Inc., is a Pennsylvania corporation and is engaged in the manufacture of electronic air and gas cleaners. The company has not qualified to do business in Tennessee and has no sales offices, business offices, factories or warehouses in this state; that it sells its manufactured products through manufacturers' agents or brokers; that it has never designated an agent for service of process and has no direct employees or officers within the state.

The record further discloses that Ralph L. Rogers, on whom process directed to Trion, Inc. was served, is a resident of Knox County; that he operates a business under the name of Rogers & Morgan in Knoxville, Tennessee and sells the diverse, but non-competitive, products of several different manufacturers on a commission basis; that Rogers furnishes his own facilities and pays the expenses of his business. Rogers' relationship with the defendant Trion, Inc. is controlled by a "Manufacturer's Representative Agreement" which was exe-

cuted by Rogers and Trion on February 6, 1957. This agreement provides, among other things, that "all orders shall be made out to Trion, Inc. and original orders are to be forwarded to Trion for acceptance or rejection. Trion shall carry the customers' accounts."; that commissions shall be paid to Rogers on the basis of net sales; that Rogers shall be an individual, independent contractor and not considered as an employee of Trion, Inc., and that this agreement "does not constitute you as the agent or legal representative of Trion, Inc., for any purpose whatsoever."

The courts have generally held that:

"The solicitation of orders for, and the sale of goods within a state by a foreign corporation through local brokers or commission merchants who maintained a local office at their own expense, all orders being subject to approval by the corporation at its office in another state, and the goods sold being shipped from the other state directly to the purchasers, and the corporation making all collections through its home office [does not] constitute doing business within the state under a statute providing for service of process." 60 A.L.R. 1038; 101 A.L.R. 142, Banks Grocery Co. v. Kelley-Clarke Co., 146 Tenn. 579, 243 S. W. 879.

It is strongly insisted by the plaintiffs that regardless of the usual relationship between the defendant Trion, Inc., and Rogers, the evidence in this cause shows that the defendant Trion, Inc., gave authority to Rogers "to make a binding and unqualified contract of purchase and sale in its behalf with Fisher"—that Rogers was the *agent* of the defendant Trion, Inc., for the transaction

with Fisher and that the service of process in this case was therefore valid.

Agency, as defined by Section 1 of the Restatement of the Law of Agency, is "the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control and consent by the other so to act." See Investors Syndicate v. Allen, 198 Tenn. 288, 279 S. W. (2d) 497. Agency includes every relationship in which one person acts for or represents another. Howard v. Haven, 198 Tenn. 572, 281 S. W. (2d) 480. "Whether an agency has been created is to be determined by the relations of the parties as they in fact exist under their agreements or acts. If relations exist which will constitute an agency, it will be an agency, whether the parties understood it to be or not." Smith v. Tennessee Coach Co., 183 Tenn. 676, 194 S. W. (2d) 867.

The evidence in this cause shows that the plaintiffs Fisher were stockholders in the defendant Trion Inc.; that at the time they forwarded their proxies for the annual stockholders' meeting, they made inquiry about the electronic air cleaners manufactured by the defendant Trion, Inc. Trion wrote the following letter in reply:

"Referring to your letter of March 9 to Mr. E. W. Myers, we are enclosing our new installation instruction booklet on the new DFL units.

"For your G. E. Weathertron units, you will need one complete 20 x 25 x 2″ unit with a power pack and two 16 x 25 x 2″ panels with one power pack.

"If you do not have electrical outlets within six feet, we can send you any length power cables.

"Since you are a stockholder in Trion, we are asking our Mr. Ralph Rogers to assist you with this installation. If there is anything further we can do, please advise."

At the same time the defendant Trion, Inc. wrote Ralph Rogers, as follows:

"We suggest that you purchase at distributor less 6% and sell the equipment to Mr. Fisher at dealer's price because he is a stockholder. Please let us know how you make out."

Upon receipt of the letter from Trion, Rogers called on the plaintiffs and they gave him an order for the equipment manufactured by Trion, Inc. The equipment in question was invoiced and shipped by Trion to Rogers and Morgan. Rogers and Morgan then delivered and billed it to the plaintiffs, who paid for it by a chack made payable to Rogers and Morgan.

The equipment was installed by R. A. Higginbotham, d/b/a Higginbotham Heating and Air Conditioning Company.

Shortly thereafter, the equipment caught fire, causing damage to the plaintiffs' home, furnishing and other personal belongings.

It is apparent from the above evidence that Rogers was not acting as the agent, either actual or apparent, of the defendant Trion, Inc. in making the sale in question. To the contrary, Rogers acted for himself in making the sale and it was so understood by the plaintiffs as they received the goods from Rogers & Morgan, were billed by them, and paid to them. The only part

played by Trion in the transaction was to forward a sales lead to Rogers and suggest that he quote a preferential price to the plaintiffs as they were stockholders.

Having concluded, as set out above, that the defendant, Trion, Inc., was not doing business within this state within the meaning of T.C.A. sec. 20-220 at the time of the sale of its equipment to the plaintiffs, and that Rogers was not its agent, either actual or apparent, for the transaction with the plaintiffs, we are of the opinion that the trial court properly sustained the defendant's plea in abatement to the service of process.

Accordingly, the plaintiffs' assignment of error is overruled and the judgment of the trial court is affirmed. Costs of the appeal are adjudged against the plaintiffs and their sureties.

McAmis, P. J., and Hale, J., concur.