James R. TRUSSELL, Plaintiff,
v.
BEAR MANUFACTURING COMPANY,
Defendant.

Civ. A. No. 619.

United States District Court
E. D. Tennessee,
Winchester Division.

March 9, 1963.

Clinton H. Swafford, Winchester, Tenn., Sizer Chambliss, Chattanooga, Tenn., for plaintiff.

Josiah Baker, Chattanooga, Tenn., for defendant.

NEESE, District Judge.

This is a tort action. The plaintiff Trussell purchased second-hand a wheel balancer manufactured by the defendant Bear. The original purchase was made from Bedford Auto Supply, a jobber distributing and providing some servicing of Bear's equipment. While utilizing this wheel balancer in his business in Winchester, Tennessee, plaintiff was injured when the balancer separated from a motor vehicle wheel which he was undertaking to balance with the mechanism, and struck his leg. This action followed.

Substituted service of process was had on the defendant Bear through the Tennessee secretary of state, T.C.A. §§ 20–220 and 48–923, and process was served additionally on Malcolm Cade, allegedly an agent of the defendant in this jurisdiction. The defendant is now appearing specially to attack the service of process, the venue of the action, and the jurisdiction of this court.

■ This court is authorized to follow Tennessee law in the service of process. Rule 4(d), Federal Rules of Civil Procedure.

■ The defendant Bear is a Delaware corporation with its principal place of business in Illinois. It has no physical facilities at all within Tennessee. It has not designated an agent in this state, on whom process against it may be served. Therefore, if the defendant Bear has made use of the privilege which is extended by law to foreign corporations to do business within Tennessee after proper domestication, it is thereby deemed to have constituted the Tennessee secretary of state its agent for the service of process in situations where such actions arise out of unauthorized business done by it within Tennessee. T.C.A. § 48–923; Shuler v. Wood, D.C.Tenn. (1961), 198 F.Supp. 801, 802; Radford v. Minnesota Mining & Manufacturing Co., D.C.Tenn. (1955), 128 F.Supp. 775, 777–778. Any such transactions complained of, however, must have arisen within this state, and attendant circumstances must have localized the defendant's activities and evidenced " * * * the 'presence' in some sense of the corporation in the state". Tucker v. International Salt Co. (1961), 209 Tenn. 95, 101, 349 S.W.2d 541, 544, i. e., where the facts show that the activities of the corporation reveal a "substantial connection" with the state involved. International Shoe Co. v. State of Washington (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95; McGee v. International Life Ins. Co. (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223.

The Court finds from the supporting affidavits submitted in this proceeding that the intrastate activities of the defendant Bear within Tennessee are considerable and that this cause of action arose directly from such intrastate activities:

The defendant Bear entered into a selling agreement with a Tennessee jobber, Bedford Auto Supply, which sold the offending balancer to a Tennessee purchaser from whom the plaintiff Trussell afterward bought it. Bear agreed to furnish Bedford the services of one of its representatives to conduct meetings with Bedford's salesmen, and it also agreed to furnish installation supervision to Bedford's customers after one of its units had been sold and installed. To perform these intrastate portions of its selling agreements, the defendant Bear engages and keeps available for such purposes three of its own representatives.

The aforenamed Cade was Bear's representative in the area of Tennessee where the Bedford Auto Supply, its original customer, and the plaintiff Trussell both are located. Cade agreed to supervise the installation of the defendant Bear's major equipment when sold by Bedford, or another of Bear's jobbers or distributors, within the territory assigned him by the manufacturer; to instruct the customers of Bedford, and other like jobbers and distributors, in the use of such equipment after the sales were consummated; and to promote the

sale and use of Bear's equipment in his assigned territory.

■■ While Cade is denominated in his agreement with the defendant Bear as an "independent contractor", these parties lacked the power by the form of their contract to convert an exclusively local business, subject to state control, into an interstate commerce business protected by the federal commerce clause. Browning v. Waycross (1914), 233 U.S. 16, 23, 34 S.Ct. 578, 58 L.Ed. 828. In Tennessee "(a)n independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, and without being subject to control of his employer, except as to the result of his work." Powell v. Virginia Construction Co. (1890), 88 Tenn. 692, 13 S.W. 691, 17 Am.St.Rep. 925; McHarge v. M. M. Newcomer (1906) 117 Tenn. 595, 100 S.W. 700, 9 L.R.A.,N.S., 298. To the same effect see Casement v. Brown (1893), 148 U.S. 615, 13 S.Ct. 672, 37 L.Ed. 582, 585.

Cade's agreement and functions did not, in the Court's opinion, qualify him as an independent contractor under this rule. While he was to furnish the required services " * * * through his own organization * * * ", the defendant Bear reserved the right to determine where and whether installation supervision and post-installation instruction were to be provided by Cade, and Cade suffered a compensation penalty unless the jobber's customers seasonably verified satisfaction with his work. Not only did the defendant Bear withhold from Cade payment for his services in the absence of such verification, it was authorized by contract to have another perform such services and to charge the cost of the substituted services against Cade's earnings. The Court finds that Cade was very much subject to the control of the defendant Bear.

This action is distinguishable on the facts from Fisher v. Trion, Inc., C.A. Tenn. (1961), 49 Tenn.App. 182, 353 S.W.2d 406, where the manufacturer's agent was free and independent in every way and subject to no control whatever by the manufacturer.

The Court finds that the defendant Bear's business is carried on in Tennessee through both interstate and intrastate channels. Bear manufactures its equipment in Illinois and sells it in interstate commerce to certain selected Tennessee jobbers and local distributors. These jobbers and distributors then sell the machines in intrastate commerce within Tennessee.

While it may be argued that the defendant's representatives were engaged in the business of "inducing intrastate sales" in what was primarily a promotional and service manner and did not include a systematic solicitation of orders, nevertheless Bear was in control of more than the end result of its representatives' services and engaged in intrastate services, in the Court's opinion. Cf. Lilly & Co. v. Sav-on-Drugs (1961), 366 U.S. 276, 81 S.Ct. 1316, 6 L.Ed.2d 288, (concurring opinion of Mr. Justice Harlan at page 297).

■ From all the foregoing the Court concludes that the defendant Bear is a foreign corporation which was "doing business within" Tennessee by transacting here in a continuous manner some substantial part of its ordinary business. It has failed to designate an agent on whom process might be served in suits brought against it in the courts of this State as the law requires. Having made use of the same privilege as is extended by law to other foreign corporations which have domesticated and are doing business here, the defendant Bear must be deemed to have constituted the Tennessee secretary of state its agent for the acceptance of process in this civil action arising out of its transaction of unauthorized business done in Tennessee. T.C.A. § 48–923.

The jurisdiction of this Court is founded only on diversity of citizenship and the jurisdictional amount and thus, may be brought in the judicial district where the plaintiff resides. 28 U.S.C. § 1391 (a). The venue is proper. 28 U.S.C. § 1391(c).

Counsel for the plaintiff within ten (10) days will submit an order consistent with this opinion overruling the defendant Bear's motion, all agreeably with the local rules of this court.