James A. HARRIS, Administrator of the Estate of Jimmy Charles Harris, deceased

v.

BEECH AIRCRAFT CORPORATION.

Civ. A. No. 5294.

United States District Court
E. D. Tennessee, N. D.

Dec. 18, 1965.

**600**

Jack B. Draper, Arnett & Draper, Knoxville, Tenn., for plaintiff.

Ben F. McAuley, Poore, Cox, Baker & McAuley, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

This suit was instituted on May 8, 1965 by plaintiff, administrator, and citizen and resident of Knox County, Tennessee against defendant Beech Aircraft Corporation, a Delaware corporation, by leaving a copy of the complaint, as the Return of Service showed, with "C. L. Chumley, Vice-President and General Manager of Southeastern Beechcraft, agent for said Beech Aircraft Corporation, at Knoxville, Tennessee on May 10, 1965." The aircraft accident for which the plaintiff seeks damages, and in which the deceased Jimmy Charles Harris was fatally injured, occurred on or about May 10, 1963, and plaintiff, among other things, alleges that the aircraft involved in the accident was not properly designed.

Defendant has filed a motion for summary judgment on the ground that the pleadings show on their face that plaintiff's right of action, if any, is barred by the one-year statute of limitations of Tennessee, namely 28 T.C.A. Sec. 304, which reads as follows:

"28–304. *Personal tort actions— Statutory penalties.*—Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, criminal conversation, seduction, breach of marriage promise, and statutory penalties, shall be commenced within one (1) year after cause of action accrued."

Relying on defendant's statement in its answer that:

"* * * it is not now and never has been domesticated in Tennessee. It does not now and never has had an office, agency, officer or agent in Tennessee. It does not now and never has done business in Tennessee,"

plaintiff responds that the statute of limitations was tolled by defendant's admitted absence from the State of Tennessee. 28 T.C.A. Section 112 reads as follows:

"28–112. *Suspension during absence from state.*—If at any time any cause of action shall accrue against any person who shall be out of this state, the action may be commenced within the time limited therefor, after such person shall have come into the state; and, after any cause of action shall have accrued, if the person against whom it has accrued shall be absent from or reside out of the state, the time of his absence or residence out of the state shall not be taken as any part of the time limited for the commencement of the action."

Of course, if defendant were doing business in Tennessee at the time of the accident and since that time, an insistence plaintiff does not make for obvious reasons, defendant's motion would have to be granted because of the one-year statute of limitations for a tort in Tennessee. This is true even though the accident occurred in North Carolina. The statute of limitations of the law of the forum must prevail. McDaniel v. Mulvahill, 196 Tenn. 41, 263 S.W.2d 759; Wells v. Simonds Abrasive Co., 345 U.S. 514, 73 S.Ct. 856, 97 L.Ed. 1211. See also, Sigler v. Youngblood Truck Lines, 149

F.Supp. 61, 68 (D.C.E.D.Tenn.); Myers v. Alvey-Ferguson Co., 331 F.2d 223 (C.A.6).

If defendant were not domesticated and was not doing business in Tennessee and had no agent upon whom service could be made, defendant's motion would have to be granted since plaintiff had not properly obtained service upon it.

Plaintiff threads the dilemma between its conflicting insistencies, (1) that the statute had not run but (2) that defendant was subject to suit, by asserting that when Southeastern Beechcraft, Inc. opened its Knoxville office for business on December 1, 1964 it became an agent of defendant for purposes of service of process.

The contract between Beech Aircraft and Southeastern is not in the record. A few pages from the contract have been introduced as an exhibit to the sworn answers of J. A. Elliott, Secretary-Treasurer of Beech Aircraft to interrogatories with respect to defendant's incorporation and relationship to Southeastern. In addition, there is in the record the Order Pursuant to Pre-Trial.

At the pre-trial, plaintiff, in apparent reliance upon Mr. Elliott's statement that the Knoxville office of Southeastern became operative on December 1, 1964, theorized that defendant on or about that date commenced doing business within the State of Tennessee within the meaning of the law as it relates to the jurisdiction of a foreign corporation. This contention ignores the statement, in answer to another interrogatory, that the original distributor agreement between defendant and Southeastern became effective June 15, 1963 or nearly two years prior to the institution of this suit; and ignores the statement in a later answer that Southeastern began to operate on that contract with defendant on or about July 1, 1963 at Nashville, Tennessee.

If jurisdiction is, as contended by plaintiff, vitalized by the opening of the Knoxville office on December 1, 1964, jurisdiction to hear the case can likewise be destroyed by the running of this statute of limitations after the operative date of the original "agency" agreement of June 15, 1963. The truth of affiant's sworn statements as to the date and operation of the original agreement is not contested by plaintiff. Defendant in its response to plaintiff's memorandum verified these dates by calling attention to the listing of Southeastern's name as distributor of Beechcraft in the Yellow Pages of the January, 1964 Knoxville Telephone Directory. Of this listing the Court takes judicial notice.

Although the Court has considerable doubt, under the holding in Fisher v. Trion, Inc., 49 Tenn.App. 182, 353 S.W.2d 406, that a distributor contract constitutes Southeastern the agent of defendant for the service of process, it need not, and does not, rest its decision upon the motion upon that doubt. Assuming that plaintiff is correct that operation under the current distributor's contract has the effect of constituting Southeastern defendant's agent for service of process, by a parity of reasoning the Nashville operation which began on or about July 1, 1963 would have the same effect and plaintiff failed to take advantage of it by instituting its suit by serving Southeastern within a year after the accident.

The Court is convinced that under plaintiff's own theory and the undisputed facts, the one-year statute of limitations has run and the motion of defendant for summary judgment must be, and the same hereby is, granted.