Harlie STEELMAN et al., Plaintiffs,

v.

E. W. STRICKLAND, etc., et al., Defendants.

Nos. CIV-2-76-154 and CIV-2-77-61.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Memorandum Opinion Nov. 19, 1976.
On Motion to Dismiss July 29, 1977.

Roy T. Campbell, Jr. and William M. Leibrock, Newport, Tenn., for plaintiffs in No. Civ–2–76–154.

S. J. Milligan, Greenville, Tenn., for defendant Strickland in Nos. Civ–2–76–154 and Civ–2–77–61.

Seymour S. Owens, Tifton, Ga., for Harrison in No. Civ–2–76–154.

Joe A. Tilson, Morristown, Tenn., for Harrison in Nos. Civ–2–76–154 and Civ–2–77–61.

E. Bruce Foster, Knoxville, Tenn., for Petoseed Co. in Nos. Civ–2–76–154 and Civ–2–77–61.

Ronald C. Koksal, Knoxville, Tenn., for Petoseed Co. in No. Civ–2–76–154.

Edward F. Hurd, Newport, Tenn., for plaintiffs in No. Civ–2–77–61.

## MEMORANDUM OPINION

NEESE, District Judge.

This is a removed diversity action to recover money damages for the alleged liability of the defendants in connection with their sale of certain agricultural plants to the plaintiffs. 28 U.S.C. §§ 1332(a)(1), 1441(a). The plaintiffs seek to maintain this as a class action " * * * on behalf of [themselves] as well as on behalf of each other and all other persons who acquired * * * " such plants from the defendants. Rule 23, Federal Rules of Civil Procedure.

" * * * As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. * * * " Rule 23(c)(1), Federal Rules of Civil Procedure. " * * * [T]he language of this provision is mandatory and the District Court has a duty to certify the class action whether requested to do so or not. * * * " *Senter v. General Motors Corp.*, C.A.6th (1976), 532 F.2d 511, 520[16], citing *Garrett v. City of Hamtramck*, C.A.6th (1974), 503 F.2d 1236, 1243[1].

■ " * * *· [A]n action is not maintainable as a class action merely because it is designated as such in the pleadings. * * * Mere repetition of the language of Rule 23(a) is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled. Maintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide. * * * " *Weathers v. Peters Realty Corporation,* C.A.6th (1974), 499 F.2d 1197, 1200[4–11]. Further, the burden is on the party seeking to utilize the class action device to establish his right so to do. *Senter v. General Motors Corp., supra,* 532 F.2d at 522[22]. " * * * As a preliminary matter, he must satisfy all four of the prerequisites contained in Rule 23(a) and then demonstrate that the class he seeks to represent falls within one of the subcategories of Rule 23(b). * * * " *Idem.*

■ The first requirement of Rule 23(a), *supra,* is that the purported class be so numerous that joinder of all members is impracticable. From the present state of the record herein, the Court is unable to ascertain the approximate number of the alleged class members herein.* Thus, at this time it is impracticable to determine whether this action may be maintained as a class action.

■ Accordingly, the application of the plaintiffs for an order of this Court for a list of the respective defendants' customers hereby is DENIED. The plaintiffs will develop by discovery, Rules 26–36, inclusive, Federal Rules of Civil Procedure, sufficient information for the Court to make its determination, whether this suit should be so maintained. Rule 23(c)(1), Federal Rules of Civil Procedure.

## ON MOTION TO DISMISS

The defendant Mr. E. W. Strickland served and filed timely written objections to the proposed recommendation and findings of fact of July 11, 1977 herein of a United States magistrate of this district for the disposition of such defendant's motion to dismiss this action, or, in the alternative for a summary judgment, or to quash for insufficiency the service of process upon him herein, Rule 12(b)(5), Federal Rules of Civil Procedure. The Court made a de novo determination of those portions of the magistrate's findings and recommendation to which such objection was addressed.

■ *Inter alia,* such defendant objected to the pretermission by the magistrate of his alternative motion for a dismissal for failure of the plaintiffs to state against him a claim on which relief can be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, or for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure. The magistrate was correct in determining whether this Court had jurisdiction over the person of such defendant before proceeding to the other matters.

" * * * '[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant.' * * * " *Zenith Radio Corp. v. Hazeltine Research, Inc.* (1969), 395 U.S. 100, 110, 89 S.Ct. 1562, 1569, 23 L.E.2d 129, 140[3]. Whether the plaintiffs' complaint stated a claim against Mr. Strickland upon which relief can be granted, and whether a summary judgment should be entered for him at the pleading stage are questions of law " * * * which must be decided after and not before * * * " it is decided whether this Court has the requisite personal jurisdiction over such defendant. *Bell v. Hood* (1946), 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939, 943 (headnote 2).

■ The gravamen of Mr. Strickland's objection appears to the Court to be that he had insufficient contacts with the plaintiffs within Tennessee to satisfy the due process requirements of the "minimum-contacts" test under the Constitution, Fourteenth Amendment. " * * * [D]ue process re-

---

* The complaint merely avers that " * * * [s]uch persons *may* number as many as one hundred. * * * " (Emphasis provided.)

quires only that in order to subject a defendant ** to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with *it* [emphasis supplied] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'. * * * " *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (headnote 2).

This Court is authorized to follow Tennessee law in the service of process. Rule 4(d), Federal Rules of Civil Procedure; *Trussell v. Bear Manufacturing Company*, D.C.Tenn. (1963), 215 F.Supp. 802, 803[1]. " * * * Persons who are non-residents of Tennessee * * * are subject to the jurisdiction of the courts of this state as to any * * * claim for relief arising from: (a) [t]he transaction of any business within the state; * * * [or] * * * (f) [a]ny basis not inconsistent with the [C]onstitution of this state or of the United States. * * " T.C.A. § 20–235. Thus, as of April, 1972, " * * * the Tennessee long arm statute, *supra*, was changed from a 'single act' statute to a 'minimum contacts' statute. * *." *Gullett v. Qantas Airways, Ltd.*, D.C.Tenn. (1975), 417 F.Supp. 490, 495[4], distinguishing *Southern Machine Company v. Mohasco Industries, Inc.*, C.A.6th (1968), 401 F.2d 374.

■ Affidavits in the record before the magistrate demonstrated that Mr. Strickland transacted business within Tennessee, albeit not with the plaintiffs. The plaintiffs claim that Mr. Strickland's tortious act(s) in Georgia caused consequential injury to them within Tennessee. This satisfied the minimum-contacts tests, even under *Mohasco, supra*. Cf. *McCoy v. Wean United, Inc.*, D.C.Tenn. (1973), 67 F.R.D. 491, 493[2].

For such reasons assigned, the proposed findings and recommendation of July 11, 1977 of Honorable W. Thomas Dillard, United States magistrate of this district, hereby are ACCEPTED; and the motions

---

** A natural person as well as a corporation is included in the contemplation of these standards. *Shaffer v. Heitner* (1977), 433 U.S. 186,

---

of the defendant Mr. E. W. Strickland of April 29, 1977 and May 5, 1977 hereby are OVERRULED, in so far as it prayed for a dismissal of these actions as to him for lack of jurisdiction over his person, or a quashing of the process served upon him for insufficiency of its service. 28 U.S.C. § 636(b)(1). These matters hereby are RE-COMMITTED to the aforenamed magistrate with instructions to submit to the undersigned judge recommendations for his disposition of such motion as it relates to a summary judgment. *Idem.*

---

204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683, 698, n.19.