**Thomas O. METCALFE, Jr., et al., etc., Plaintiffs,**

v.

**CESSNA AIRCRAFT CORPORATION et al., Defendants.**

**No. CIV–2–77–19.**

United States District Court, E. D. Tennessee, Northeastern Division.

July 7, 1977.

842

M. Lacy West, Wendy Schaal Hildreth, Rebecca Helton Davenport, Kingsport, Tenn., Jack B. Draper, Knoxville, Tenn., T. C. Bowen, Jr., Tazewell, Va., for plaintiffs.

Ray H. Moseley, Chattanooga, Tenn., for Teledyne-Continental, Inc.

R. Hunter Cagle, Knoxville, Tenn., for Cessna Aircraft.

J. Paul Coleman, Johnson City, Tenn., for Cardinal Aviation.

Robert R. Campbell, Knoxville, Tenn., for Bendix Corporation.

Paul R. Leitner, Chattanooga, Tenn., for Raleigh-Durham.

McAfee Lee, Knoxville, Tenn., for Appalachian Flying.

Samuel R. Anderson, Chattanooga, Tenn., R. M. Kern, Santa Monica, Cal., Matlack, Foote, Scott, Joseph & Wilkinson, P. A., Wichita, Kan., for United Instruments.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is a civil action seeking compensatory and punitive damages for the wrongful death of the plaintiffs' decedent. 28 U.S.C. § 1332(a)(1), (c). The defendant United Instruments Corporation (United) moved for a dismissal hereof as to it for lack of the Court's jurisdiction of its person, improper venue, insufficiency of service of process, and ostensibly for the plaintiffs' failure to state a claim against it upon which relief can be granted.[1] Rule 12(b)(2), (3), (5), (6), Federal Rules of Civil Procedure. In the same motion, such defendant also sought a summary judgment, apparently on the same grounds. Rule 56(b), Federal Rules of Civil Procedure.

The aforementioned motion was referred to a magistrate of this district, 28 U.S.C. § 636(b)(1), who recommended that it be denied in its entirety. United filed a timely written objection to such report and recommendation, *idem.*, urging that the magistrate erred in his recommendation that this Court has jurisdiction over its corporate person. The Court considered *de novo* such portion of the magistrate's report and recommendation to which objection was made. *Idem.*

■■ " * * * This court is authorized to follow Tennessee law in the service of process. Rule 4(d), Federal Rules of Civil Procedure. * * * " *Trussell v. Bear Manufacturing Company*, D.C.Tenn. (1963), 215 F.Supp. 802, 803[1]. Herein, service of process on United was made pursuant to the provisions of the Tennessee long-arm statute, T.C.A. § 20–235.[2] Such state, and consequently this Court, may not, however, acquire personal jurisdiction over a party without that party's having had certain minimal contacts with the forum state; such minimum contacts are required constitutionally. *Hanson v. Denckla* (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283; *McGee v. International Life Ins. Co.* (1957), 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223; *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

1. Specifically, it is contended by United that this action is barred by the applicable statute of limitation.

2. " * * * Persons who are nonresidents of Tennessee * * * and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

* * * * * *

"(b) Any tortious act or omission within this state;

* * * * * *

"(f) Any basis not inconsistent with the constitution of this state or of the United States.

" 'Person' as used herein shall include corporations and all other entities which would be subject to service or process if present in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative. * * * " T.C.A. § 20–235.

Nevertheless, " * * * the causing of a consequence in the forum state by the defendant can satisfy the requirements of the 'minimum contacts' test. * * * " *Southern Machine Company v. Mohasco Industries, Inc.*, C.A. 6th (1968), 401 F.2d 374, 380[4]. Thus, " * * * [w]here a defendant voluntarily places its products into the channels of national commerce, it subjects itself to the operation of the Tennessee Long-Arm Statute, T.C.A. § 20–235(b), for the purpose of responding to a plaintiff's claim that he was injured in Tennessee as the result of tortious acts committed in another state or other states. The fact that the product was brought into Tennessee after purchase in another state, to which transaction the defendant was not a direct party, does not insulate the defendant from substituted service of process. * * * " *McCoy v. Wean United, Inc.*, D.C.Tenn. (1973), 67 F.R.D. 491, 493[3–5]. Furthermore, where a corporation " * * * causes to be set in motion events in one state that are likely to, and do result in injury to person and property in another state, [it] thereby renders [it]self subject to the jurisdiction of the state wherein injury occurs and is amenable to service of process pursuant to that state's long-arm statute. * * * " *Walker v. Kawasaki Motors Corporation*, D.C.Tenn. (1973), 62 F.R.D. 607, 611[4, 5]. " * * * [E]ven if all the tortious acts in a case were committed outside the State of Tennessee * * * but the resulting tortious injury was sustained within the State, then the tortious acts and the injury are inseparable and jurisdiction lies in Tennessee. * * * " *Jasper Aviation Co., Inc. v. McCollum Aviation, Inc.* (Tenn.,1972), 497 S.W.2d 240, 244[4].

United's executive vice president filed an affidavit herein in support of its aforementioned motion, in which it is admitted that United distributed altimeters to aircraft manufacturers throughout the United States. It is alleged in the complaint herein without dispute that the defendant Cessna Aircraft Corporation is an aircraft manufacturer in Kansas. The Court notices judicially that Kansas is one of the United States of America. It is claimed therein also that injury and property damage were caused the plaintiff's decedent within Tennessee as the result of certain tortious acts committed by United in Kansas or a state or states other than Tennessee.

Accordingly, under the foregoing criteria, the Court is of the opinion that United has had sufficient minimum contacts within the state of Tennessee, so as to render it subject to such jurisdiction's long-arm statute, *supra*. United's aforementioned objection hereby is OVERRULED, the magistrate's report and recommendation hereby are ACCEPTED,[3] and United's aforementioned motion hereby is DENIED. 28 U.S.C. § 636(b)(1).

---

3. It appears that the defendant Appalachian Flying Service (Appalachian) may have also sought a dismissal of this action as against it; however, no such motion appears in this file. Therefore, there is nothing herein for the Court to rule on as pertains to that defendant. To the extent that the magistrate's report and recommendation concerns Appalachian, the same hereby are REJECTED.