**HI FI CORNER, INC. et al., Plaintiffs,**

v.

**INFLIGHT CINEMA INTERNATIONAL, INC. et al., Defendants.**

**No. 79–3137–NA–CV.**

United States District Court, M. D. Tennessee, Nashville Division.

July 18, 1980.

H. Lee Barfield, Judith Powell, Nashville, Tenn., for Hi Fi Corner, Inc. and Robert Roper.

Gail Reese, Daniel C. Kaufman, Nashville, Tenn., for Inflight Cinema International, Inc., and In Flight Services, Inc.

## MEMORANDUM OPINION

JOHN T. NIXON, District Judge.

Plaintiffs, who have sued for damages as a result of fraud, misrepresentation and breach of contract allege in this diversity action that they were induced by the defendants' fraudulent misrepresentations to purchase two franchises and to enter into certain franchise agreements.

The case is before this Court on motions to dismiss on behalf of both defendants. Defendant, Inflight Services, Inc., (hereinafter referred to as "Services") is contesting personal jurisdiction over it for any purpose. The defendant, Inflight Cinema International, Inc., (hereinafter referred to as "Cinema") challenges personal jurisdiction as to the breach of the franchise agreement to be performed in West Virginia and Ohio but concedes jurisdiction over all counts allegedly generated by the franchise agreement to be performed in Tennessee. In addition, both defendants assert venue is improper in Tennessee as to the Ohio and West Virginia agreement.

## PERSONAL JURISDICTION

As of April, 1972, the Tennessee long arm statute was changed from a "single act" statute to a minimum contacts statute. It confers jurisdiction to the full extent allowable under the Due Process Clause of the Fourteenth Amendment. *Steelman v. Strickland*, 78 F.R.D. 187, (D.C. Tenn.1976).

This Court intends to use the minimum contacts analysis found in *Gullet v. Qantas Airways Ltd.*, 417 F.Supp. 490, (D.C. Tenn.1975). That case tracks language from *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and adopts the five factors balanced by Judge Blackmun (now Mr. Justice Blackmun) in *Aftanase v. Economy Baler Company*, 343 F.2d 187, 197 (8th Cir. 1965). The factors used in weighing minimum contacts are their quantity, quality and nature, the source and connection of the cause of action with those contacts, interest of the forum state and last, convenience. However, for minimum contacts to be found to exist, each and every factor is not required to be present. *Aftanase v. Economy Baler Company, Id.* Instead, a weighing of these factors must lead the Court to a conclusion that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

Viewed from that perspective, the pleadings and affidavits reflect the following facts and allegations: Services, a Delaware corporation, has its principal place of business in New York while Cinema, its wholly owned subsidiary, is a New York corporation. Services supplies motion picture entertainment on domestic and international carriers; Cinema was formed to develop and exploit a similar market but for use in hotels and motels across the country.

In November, 1975, Cinema sent its promoter, Geno Baroni, into Tennessee for the purpose of selling franchises to operate closed circuit television. The record reflects at least some of the promotional materials utilized by Mr. Baroni, including advertising brochures representing among other matters, that the "reputation and resources" of Services would bring motion picture entertainment to the motel-hotel industry and that the expertise of Services as an "innovative pioneer of motion pictures on the air" would be available to develop the industry. Indeed, at first blush, it appears that Services owns the concept, not Cinema. The fact that Services' financial statement was included in the promotional materials only deepens the impression.

The plaintiffs, a Tennessee corporation and an individual domiciled in Ohio, allege that, induced by representations made by Mr. Baroni and by the promotional materials discussed above, they purchased two franchises, one for Tennessee and the other for parts of West Virginia and Ohio. The actual contracts were executed in New York.

It was only after the franchises had been purchased, allege the plaintiffs, that the false and fraudulent character of Mr. Baroni's representations came to light. Not only did the plaintiff find that marketing conditions differed markedly from those represented, but maintenance and technical assistance provisions of the agreement were ignored or worse, by the defendants. These breaches of the agreements would have occurred in West Virginia, in Ohio, and in Tennessee.

■ Services seeks to escape jurisdiction by asserting its lack of involvement in Cinema's endeavors and by its further claim that Mr. Baroni was not its agent but an independent contractor. However, as in *Curtis Publishing Company v. Golino*, 383 F.2d 586, (5th Cir. 1967), the use of independent contractors (if indeed Mr. Baroni can be characterized as such) does not alter the basic existence of Services' involvement in, and its pecuniary benefit from full exploitation of Tennessee's business community. Services' advertising materials were obviously intended for the promotion of Cinema's franchises and Services' contacts with this forum, similar in quality and quantity to those of Cinema, make it reasonable and just to subject the corporation to this forum's jurisdiction.

■ Next, the Court must determine whether this forum's contacts with the defendants and the breaches which are alleged to have occurred in West Virginia and Ohio are of such caliber as to make it reasonable and just to assert jurisdiction. Contacts in Tennessee with that cause of action include the factor that the alleged tortious conduct leading to the breached agreement took place in Tennessee. Films to be used in West Virginia and Ohio were routed through Tennessee. The plaintiff, Hi Fi Corner, Inc., from whom profits were to flow, had its domicile here and according to the promotional material supplied in Tennessee, continuous contacts with the plaintiffs in this state were contemplated. The defendants were to provide their expertise in technology and market development; it does not appear that delivery of such expertise was to be made only in West Virginia and Ohio.

These contacts are of such quality and quantity that it does not offend traditional notions of fair play and substantial justice to subject the defendants to a potential judgment *in personam* based upon breach of an agreement which was to be performed in part, in Tennessee. In addition, it is more convenient for all concerned to try all closely connected questions in this forum rather than to require the parties to relitigate matters leading to execution of the agreement at issue.

## VENUE

Last, Cinema moves to dismiss for lack of venue as to the breach of contract in West Virginia and Ohio. Contacts with this forum having been analyzed for purposes of jurisdiction, this Court looks to the venue statute and its underlying aims in deciding that venue is indeed proper here.

Plaintiffs rely upon 28 U.S.C. § 1391(a) which places venue in the "... judicial district ... in which the claim arose ..." It is clear that in somewhat complex litigation, a claim may arise in more than one district. *Kroger Co. v. Adkins*, 284 F.Supp. 371, aff'd *sub nom. Kroger Co. v. Dornbos*, 408 F.2d 813 (6th Cir. 1969).

It is equally clear that in contract actions "... there has been a tendency to apply some variety of a most significant contacts test..." 1 Moore's Fed.Prac. ¶ 0.142[5–2]. Although this approach is not explicitly authorized by the general venue statute, it is an evolving aid which takes complex litigation into account. *Commercial Lighting Products, Inc. v. United States District Court*, 537 F.2d 1078 (9th Cir. 1976). Cf. *Leroy v. Great Western United States*, 443 U.S. 173, 99 S.Ct. 2710, 61 L.Ed.2d 464, 474, 475 (dicta) (1979); *Lamont v. Haig*, 590 F.2d 1124 (D.C.Cir.1978).

■ Even applying a form of the significant contacts test for purposes of venue, the plaintiff is not allowed an unfettered choice of Courts. However, these defendants do not present a case of inconvenience.

In fact, a transfer to West Virginia or Ohio would result in almost complete relitigation of the issues; in addition, the defendants assert no specific instances in which inconvenience will occur. For that reason, and for the reason that this cause of action allegedly arose in part in Tennessee, venue is properly found in the present forum.