Sheila BELL

v.

Douglas HOSSE, Sgt. Morgan Smith, Patrolman Vinnie Burrus, Patrolman Charles Welfel.

Betty HANSEN

v.

Douglas HOSSE, Sgt. Morgan Smith, Patrolman Vinnie Burrus, Patrolman Charles Welfel.

Civ. Nos. 2954 and 2955.

United States District Court
M. D. Tennessee,
Nashville Division.
July 11, 1962.

West M. Coss, Nashville, Tenn., for plaintiff.

Robert H. Jennings, Jr., Walter C. Leaver, Jr., Dale M. Quillen, Nashville, Tenn., for defendants.

GRAY, District Judge.

The complaints in these two cases allege the arrest of two women in their apartments without warrants, the search of one of the apartments without a warrant, the women's detention incommunicado in the city jail for more than 48 hours without any information of any charges against them, their later release on bond under charges of vagrancy and loitering, and the later dismissal of the charges when the officers failed to show up in court to prosecute.

These complaints were filed September 15, 1960, eleven days after the alleged arrests and six days after the charges were dismissed. The complaints were amended September 19, 1960, to allege an amount in controversy sufficient to invoke jurisdiction under 28 U.S.C. § 1331, to quote directly the section of the Civil Rights statutes upon which the plaintiffs rely, R.S. § 1979, 42 U.S.C.A. § 1983, and to allege more directly that the officers' conduct violated the plaintiffs' constitutional rights. The summonses were filed in the clerk's office September 27, 1960. The deputy marshal's return on each summons was as follows:

"I hereby certify and return, that on the 21*th* day of September 1960, I received this summons and served it together with the complaint as amended herein as follows: On Douglas Hosse personally at his office city police station Nashville, Tenn. On Sgt. Morgan Smith by handing to and leaving a copy with Chief Douglas Hosse On Ptl. Vinnie Burrus by handing to and leaving a copy with Chief Douglas Hosse On Ptl. Welfel by handing to and leaving a copy with Chief Douglas Hosse. Who accepted service for all defendants. This. September 21, 1960."

On October 10, 1960, the defendants filed motions to dismiss as to the sergeant and the two patrolmen for lack of proper service on them, and as to all four defendants for failure to state a cause of action under the Civil Rights statutes. Nothing in the file indicates any effort by the plaintiffs' counsel to obtain more perfect service or to amend the complaint further.

On June 11, 1962, the court ordered, pursuant to Rule 78, Federal Rules of Civil Procedure, 28 U.S.C., that the motions be submitted within ten days without oral argument on written statements in support and opposition. Within the

ten days the defendants submitted a brief in support of the motion. The court has received no communication from the plaintiffs' counsel either within the ten days or subsequently, and the plaintiffs' case must be deemed to have been submitted on the complaints, the motions, and the defendants' brief.

The applicable statute, R.S. § 1979, 42 U.S.C.A. § 1983, reads as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

■ Jurisdiction to try such cases is granted to the district courts in similar language by 28 U.S.C. § 1343(3) regardless of the amount in controversy. Where the requisite jurisdictional amount is involved, as there is here, the district courts are also given jurisdiction to try civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331(a). At first blush, the statutes appear to make it difficult to disentangle the initial jurisdictional question from the question whether a cause of action has been alleged on which relief could be granted. But the Supreme Court has provided minimal tests under both statutes to be applied before the sufficiency of the allegations of the cause of action are considered. Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962); Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946). The present complaints meet the tests under either statute.

Jurisdiction of the subject matter being sufficiently alleged, the inquiry turns to the specific objections raised by the defendants' motions. Those objections that would dispose of the whole case if well taken will be considered first. The defendants contend the complaints fail to state a claim upon which relief can be granted because:

(1) They do not allege that the officers "were acting under 'ordinance, regulation, custom or usage, of any State or Territory.'"

(2) They do not "allege any fact which constitutes the deprivation of any particular right, privilege, or immunity, secured by Amendment 14 of the Constitution of the United States or of any other particular law."

(3) They do not "allege the deprivation of federal rights to have been accomplished for the purpose of robbing the plaintiff[s] of any such rights."

■ These complaints do leave something to be desired by their failure to point out specific links between the statutory language quoted and the particular acts alleged, but the question is not whether they could be made more definite and certain but whether they contain sufficient allegations to give the defendants fair notice of what the plaintiffs' claims are and the grounds on which they rest. Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

■ The plaintiffs failed to allege directly that these officers acted under color of state authority. Each of the complaints, however, twice quoted the words of the statute and stated that the plaintiffs relied upon them. The defendants could not fail to understand that they are accused of misusing their powers as police officers.

"'Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken "under color of" state law.'" Monroe v. Pape, 365 U.S. 167, 184, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), quoting from United

States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). These complaints, by their factual allegations alone, give the defendants fair notice that they are accused of actions for which R.S. § 1979 was designed to provide redress.

■ The defendants next say that no fact has been alleged that constitutes a violation of any specific right guaranteed to the plaintiffs by the Fourteenth Amendment. This hardly merits discussion. Arrest and search without warrant are clearly alleged in one complaint and arrest without warrant in the other. Even if nothing else were alleged, these would be enough facts to constitute a violation of the Fourteenth Amendment. The cases so holding are too numerous to cite. The more recent Supreme Court cases include Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

■ The defendants' brief indicates that their principal reliance is on the third objection—that the complaint fails to allege a specific purpose to deprive the plaintiffs of their federal rights. In support of this objection, they cite and quote Agnew v. City of Compton, 239 F.2d 226 (9th Cir. 1957) cert. denied 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957). Agnew is authority for the contrary where, as here, there are allegations of "refusal to permit the arrested person to consult an attorney, [and] refusal to inform of the charge," 239 F.2d at 232.

But even if Agnew supported the defendants' position, it could have no force now as against the one proposition of law on which both the court and the dissenting justice agreed in Monroe v. Pape, supra. The court said in response to the contention that a specific intent to deny federal rights was necessary, 365 U.S. at 187, 81 S.Ct. at 484:

"Section 1979 should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions."

Mr. Justice Frankfurter, before arguing his dissent on another point, agreed, 365 U.S. at 206, 81 S.Ct. at 494:

"If petitioners have alleged facts constituting a deprivation under color of state authority of a right assured them by the Fourteenth Amendment, they have brought themselves within § 1979."

Specific intent in reference to federal rights not being required, the defendants' third objection must also be overruled. Each of these complaints states a cause of action under R.S. § 1979, 42 U.S.C.A. § 1983.

■■ This result requires consideration of the question whether this court has acquired sufficient personal jurisdiction over Sergeant Smith and Patrolmen Burrus and Welfel to require them to answer the complaints, which their motions admit to be true, at least for purposes of litigating the issues raised by the motions. The fact that defendants accused of arrests and a search without any pretense of legal process are complaining of defective service of legal process cannot, of course, be considered; this court has no power over defendants until they are brought before it by proper service of process.

Rule 4 of the Federal Rules of Civil Procedure, so far as applicable here, provides:

"(d) Summons: Personal Service. The summons and complaint shall be served together. * * * Service shall be made as follows:

"(1) Upon an individual * * * by delivering a copy of the summons and of the complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an

agent authorized by appointment or by law to receive service of process.

\* \* \* \* \* \*

"(7) Upon a defendant of any class referred to in paragraph (1) \* \* \* of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

The Nashville police station is not to be presumed to be the "dwelling house or usual place of abode" of the members of the force. The court has found nothing in the record, in the statutes of the United States, or in the statutes or case law of Tennessee that could be construed as constituting the chief of police an agent of the other officers for service of process within the meaning of paragraph (1).

Paragraph (7) provides no more help. No federal statute appears to alter the method prescribed in the rules in a case like this. The method prescribed for service of like process in Tennessee is even more restrictive than that provided by the Federal Rules. See T.C.A. § 20–214; T.C.A. § 21–210; Carruthers, History of a Lawsuit (7th Ed. Gilreath, 1951) § 81, pp. 87–88.

It follows that this court has no jurisdiction over the persons of Sergeant Smith and Patrolmen Burrus and Welfel except for the limited purpose of deciding the issues raised by their own motions.

The defendants' motions to dismiss in both cases accordingly will be overruled as to the defendant Hosse and granted without prejudice as to the other three defendants.

Counsel will submit orders in accordance with this opinion within five days after its entry.