The **PHILADELPHIA HOUSING AUTHORITY** et al.,
v.
**AMERICAN RADIATOR & STANDARD SANITARY CORPORATION** et al.

**BLAKE CONSTRUCTION CO., Inc.,**
v.
**AMERICAN STANDARD, INC.,** et al.

**MICHIGAN AVENUE MOTEL JOINT VENTURE** et al.,
v.
**AMERICAN STANDARD, INC.,** et al.
Civ. A. Nos. 41773, 69–74, 69–429.

United States District Court
E. D. Pennsylvania.
Aug. 18, 1969.

See also D. C., 309 F.Supp. 1057.

———◆———

Aaron M. Fine, Philadelphia, Pa., for Phila. Housing.

J. Alan Galbraith, Washington, D. C., for Blake.

Sidney Harris and David Berman, Washington, D. C., for Michigan Ave.

Edward W. Mullinix and Lawrence T. Hoyle, Jr., Philadelphia, Pa., for Kilgore and Georgia Sanitary.

### OPINION SUR DEFENDANTS' MOTION TO DISMISS FOR LACK OF VENUE

JOHN W. LORD, Jr., Chief Judge.

Two of the above-captioned cases, Blake Construction Co., Inc. v. American Standard, Inc. and Michigan Avenue Motel Joint Venture v. American Standard, Inc., are before this Court pursuant to 28 U.S.C.A. § 1407 on the Orders of the Judicial Panel on Multidistrict Litigation of September 13, 1968 and February 26, 1969, respectively.

To date, a total of 106 Civil Treble Damage actions alleging violations of the antitrust laws by defendants with respect to the manufacture and sale of plumbing fixtures have been transferred to this Court for coordinated or consolidated pretrial proceedings. There will be many more filed which will be transferred here.

Included among the defendants in the two above-mentioned suits, both of which

were instituted in the District of Columbia, are two so-called "Short Line Manufacturers" who manufacture the lowest price line of staple vitreous china plumbing fixtures, Kilgore Ceramics Corporation ("Kilgore") and Georgia Sanitary Pottery, Inc. ("Georgia Sanitary"). These two defendants have moved to dismiss these two above District of Columbia actions for lack of venue.

Venue in private antitrust actions against corporate defendants is governed in part by the special venue provision of Section 12 of the Clayton Act, 15 U.S.C.A. § 22. Section 12 of the Clayton Act provides in part:

*District in which to sue corporation*

Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business.

It is conceded by plaintiffs that neither Georgia Sanitary nor Kilgore is an inhabitant of the District of Columbia; nor are they "found" in the district.

It is submitted, however, by plaintiffs that both defendants transact business in the District of Columbia within the meaning of Section 12 of the Clayton Act. This allegation is based on the fact that (1) Georgia Sanitary's sales in the District of Columbia are as follows:

| 1965 | $ 25.10 |
| 1966 | 2292.00 |
| 1967 | 3354.00 |
| 1968 | 5609.70 (Jan. 1–Aug. 31) |

and (2) both corporations maintain active membership in a trade association, the Plumbing Fixtures Manufacturers Association (PFMA). It is alleged that both defendants regularly attended meetings in the District of Columbia and that both have employed PFMA to perform services on their behalf in the district. It is further alleged that Kilgore's president, D. H. Walkup, served for a period of time as the treasurer of PFMA.

■ The Court agrees with both parties that, as with cases transferred under 28 U.S.C.A. 1404(a), the applicable law to be applied in Section 1407 transfers is the law of the transferor district. See Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

With this in mind it is the opinion of this Court that District of Columbia law would hold that mere attendance at a trade association meeting in the District of Columbia does not constitute transacting business there. Nor does the fact that Kilgore's president was an officer of the PFMA mean that Kilgore is transacting business in the District of Columbia.

■ Aside from the allegations concerning PFMA, plaintiffs do not assert that Kilgore has any other affairs in Washington that would constitute transacting business. Indeed, Kilgore makes no sales in the district.

■ As stated above, however, Georgia Sanitary does sell its products in the District of Columbia. In Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 291 F. Supp. 252 (E.D.Pa.1968), this Court held Georgia Sanitary not to be transacting business in the Eastern District of Pennsylvania even though the sales volume here was similar to that in the District of Columbia.

The Court is mindful that District of Columbia law, and not Eastern District of Pennsylvania law, is to apply here. Even though, it is the opinion of the Court that under the guidelines set down by the Supreme Court in United States v. Scophony Corp., 333 U.S. 795, 68 S.Ct. 855, 92 L.Ed. 1091 (1948) and Semel Associates, Inc. v. United Fireworks Mfg. Co., 122 U.S.App.D.C. 402, 355 F.2d 827 (1965), Georgia Sanitary's amount of business in Washington is not sufficient to constitute transacting business there. In *Semel* the court said:

One thing at least which does emerge from the post-Scophony cases, it seems

to us, is a *substantiality* requirement in terms of the volume of trade done. Venue is not to be found in every case simply because of an isolated transaction of modest proportions. (Emphasis added.)

"Substantiality" is not to be found in this case. What is present here are sales not even approaching "modest proportions".

Thus venue does not lie here on the basis of Section 12 of the Clayton Act.

### Where the Claim Arose

It is submitted by plaintiffs that venue is proper in the District of Columbia under 28 U.S.C.A. § 1391(b), as amended in 1966. This section provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, *or in which the claim arose*, except as otherwise provided by law. (Emphasis added.)

There are no reported decisions from the District of Columbia interpreting the phrase "in which the claim arose"; indeed the only case in the antitrust field on this issue was decided by this Court on August 9, 1968. Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 291 F.Supp. 252 (1968). Both parties here agree that there is nothing to indicate that the District of Columbia would not follow this Court's opinion.

■ In the *Philadelphia Housing Authority* case, this Court proposed that "where the claim arose" in a private antitrust suit be determined by a "weight of the contacts" test. The Court will look to the place wherein venue is claimed to exist and determine on the basis of sales, injury, conspiratorial meetings, and overt acts pursuant to such meetings whether defendants and plaintiffs have such a significant relationship to the place in question so as to hold that the claim arose there.

■ In view of the fact that neither defendant made any sales to plaintiffs in the District of Columbia; and there is no showing of any meaningful and significant conspiratorial meeting having taken place there, the "weight of the contacts" test is not met here and venue does not exist in the District of Columbia under 1391(b).

■ Plaintiffs argue that even though Kilgore and Georgia Sanitary did not themselves make sales to plaintiffs in the district, their alleged co-conspirators did, thus subjecting them to venue in that district under the "co-conspirator theory of venue". This theory rests on the hypothesis that the co-conspirator in the district is the agent of the foreign defendant corporation.

This theory was rejected by this Court in the *Philadelphia Housing Authority* case. As mentioned in that opinion, this theory has been severely discredited by the Supreme Court in Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106 (1953).

Plaintiffs, however, would have us hold that the District of Columbia courts approve of the co-conspirator theory in view of the case of Riss & Co. v. Association of Western Railways, 159 F.Supp. 288 (D.D.C.1958). An examination of this case, however, indicates that while a Washington corporation was held to be the agent of a foreign corporation for the purposes of venue, the agency was determined for the limited purpose of showing venue under a completely different theory as set forth in Section 4 of the Clayton Act. This section provides:

> Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant * * * *has an agent*. (Emphasis added). 15 U.S.C.A. § 15.

We are not convinced that the District of Columbia adheres to the co-conspirator theory of venue. Venue will be held not to exist, therefore, under this theory.

For all the aforementioned reasons, plaintiffs have not shown that venue exists as to Kilgore and Georgia Sanitary in the District of Columbia.

Defendants have requested that the Court dismiss the actions brought against them if venue in the District of Columbia is found to be improper. This of course would be a proper remedy. However, as in the *Philadelphia Housing Authority* case, it would seem to be a better choice to transfer the cases to a district wherein venue will doubtlessly lie. 28 U.S.C.A. § 1406(a). It has been suggested to this Court by counsel on numerous occasions, that it would be fruitless to transfer the cases in which venue is found to be improper at this stage of the pre-trial proceedings. The argument is made that any case transferred to a new transferor court will immediately be reassigned to the Eastern District of Pennsylvania for pre-trial discovery under section 1407.

This, of course, is correct. However, as seen in this case, questions often arise in transferred cases which necessitate this Court to look to the law of the transferor court. Thus, for this purpose, every case needs a transferor court.

At the present time, the Court has not sufficient facts before it to choose such a transferor court for these actions. The question, then, of where these cases will be transferred, is to be considered as being under advisement for the present. The Court will order such transfer upon the conclusion of the pre-trial procedures before this Court.

### ORDER

And now, to wit, this 18th day of August, A.D. 1969, it is ordered that defendants, Kilgore Ceramics Corporation and Georgia Sanitary Pottery, Inc., Motions to Dismiss be and the same are hereby denied.

It is further ordered that venue not having been found to exist in the District of Columbia as to to the above-named defendants, these above-captioned actions be transferred to a proper district upon the conclusion of the pre-trial procedures before this Court.

And it is so ordered.