**Charlie M. McDAVID et ux., Plaintiffs,**

**v.**

**F. W. JAMES et al., Defendants.**

**Civ. A. No. 3028.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Dec. 17, 1973.

Earnest R. Taylor, Morristown, Tenn., and Tom H. Rogon, Rogersville, Tenn., for plaintiffs.

S. Morris Hadden and Ernest F. Smith, Kingsport, Tenn., for defendants.

### MEMORANDUM OPINION AND ORDER

NEESE, Judge.

This is a removed, 28 U.S.C. § 1441(a), diversity action, 28 U.S.C. § 1332(a)(1), (c), for damages arising from a motor vehicle accident. The defendant Mr. F. W. James moved, *inter alia*, to quash the service of process upon him herein. Rule 4(d)(7), Federal Rules of Civil Procedure. He claims there is insufficient evidence of such service upon him through the Tennessee secretary of state. T.C.A. § 20–227.

Such service was purportedly obtained under the Tennessee "long-arm" statute. T.C.A. § 20–224 et seq. The plaintiffs were required to provide evidence of such service, including a postal service return-receipt " * * * signed by, or duly on behalf of * * * " the defendant before " * * * service on the defendant shall be consummate. * * * " T.C.A. § 20–227.

■ Such return-receipt herein reflects that delivery of the notice of the Tennessee secretary of state was made on July 23, 1973, such receipt being given by a person, whose signature is illegible, as the ostensible agent of such defendant. Affidavits of Mr. James show that he had appointed no agent having a name similar to the purported agent's signature on the receipt. These uncontroverted affidavits must be accepted as true. Grantham v. Challenge-Cook Bros., Incorporated, C.A. 7th (1969), 420 F.2d 1182, 1186 [7].

■ In its discretion, this Court hereby quashes the service made herein on the defendant Mr. F. W. James but retains the action otherwise. 5 Wright and Miller, Federal Practice and Procedure: Civil § 1354.