John Babuljak EGAN, as Executor and Trustee of the Estate of John Babuljak, Deceased, Plaintiff,

v.

PAN AMERICAN WORLD AIRWAYS, INC., a foreign corporation, Defendant.

Civ. No. 73-1577-JLK.

United States District Court,
S. D. Florida,
Miami Division.

March 11, 1974.

Weintraub, Townsend & Singer, Miami, Fla., for plaintiff.

Blackwell, Walker Gray & Powers, Miami, Fla., for defendant.

## ORDER DENYING MOTION TO STRIKE WITHOUT PREJUDICE TO RE-ASSERTION AT TRIAL

JAMES LAWRENCE KING, District Judge.

This action came on before the court upon defendant's motion to strike. The court, having considered the motion, the responses, the entirety of the record, and being fully advised in the premises, finds and concludes that the motion must be denied at this time for the reasons which follow.

As a procedural matter, the motion to strike is both untimely and incorrectly denominated. Even assuming that a motion to strike were appropriate, the court would be compelled to note that it was filed by the defendant more than three months after it had filed its answer, and not "before responding to a pleading" as required by Fed.R.Civ.P. 12(f). Whether, like some other Rule 12 motions, failure to assert it in a timely manner could constitute a waiver is a more difficult question since the waiver exception contained in Fed.R. Civ.P. 12(h)(2) contemplates a plaintiff's, not a defendant's, motion. Nonetheless, a motion to strike may be heard "upon the court's own initiative at any time," and we are persuaded that the appropriate time, by analogy with Fed.R. Civ.P. 12(h)(2), would be at trial.

■■ In substance, however, the motion to strike seeks the dismissal of four of the five claims for relief stated in the complaint on the ground that a survival action brought pursuant to Fla.Stat. § 46.021 (1971) may not be maintained. It is settled that a motion to strike is neither an authorized nor a proper way to procure the dismissal of all or part of the complaint. *E. g.,* South v. United States, 40 F.R.D. 374, 376 (N.D.Miss.1966). Where a motion to strike is incorrectly denominated, however, it may be treated as a motion to dismiss for failure to state a claim. As such, it is not waived, if not asserted in a timely fashion, but may be reasserted at trial pursuant to Fed.R.Civ.P. 12(h)(2).

Because the legal issues raised in this motion will be important to the trial and are unlikely to be rendered moot before that time, however, it is in the interest of the "just, speedy and inexpensive determination" of this action for the court to outline at this time the manner in which it will be convenient to handle them at trial. Fed.R.Civ.P. 1.

■■ We start with the fact that neither party disputes the now well established proposition that the Death on the High Seas Act (DOHSA) preempts all state wrongful death statutes applying to torts occurring on the high seas. Dugas v. National Aircraft Corp., 438 F.2d 1386 (3d Cir. 1971). Neither can it be disputed that it is the law in this circuit that "[a]n action brought by dependents under the Death on the High Seas Act for a non-seaman decedent does not prevent the plaintiffs from recovering state survival damages in the same suit." Dennis v. Central Gulf S.S. Corp., 453 F.2d 137, 140 (5th Cir. 1972); *cf.* Gaudet v. Sea-Land Serv. Inc., 463 F.2d 1331, 1335 (5th Cir. 1972), *affirmed* 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974). Thus, it is the rule in this circuit that although damages for the decedent's pain and suffering may not be obtained under the DOHSA, they may be obtained if the applicable state survival statute permits such a recovery. *See* Petition of M/V Elaine Jones, 480 F.2d 11, 30 (5th Cir. 1973).

The question presented is therefore not whether the Florida survival statute can be applied in conjunction with the DOHSA, but whether the amendment in 1972 of the Florida Wrongful Death Act, Fla.Stat. § 768.16 et seq. (Supp. 1972) abrogates, as defendant contends it does, the right of decedent's estate to make a claim for pain and suffering occasioned prior to his death.

The argument that the Florida legislature intended to abrogate the state survival statute where death follows injury when it enacted Fla.Stat. § 768.20 (Supp. 1972) is bottomed on the following provision of that section:

"When a personal injury to the decedent results in his death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate."

Defendant proceeds to argue that this provision incorporates the recommendations of the Florida Law Revision Commission, which urged in its report to the

legislature on the proposed 1972 amendments that no separate surviving cause of action be allowed under the survival statutes where injuries have resulted in death, but that all damages be recoverable only in a wrongful death action.

Plaintiff responds that to the extent this may have been the legislative intent, the amended wrongful death statute violates Article 3, Section 6 of the 1968 Florida Constitution which provides:

"Every law shall embrace but one subject and matter properly connected therewith, and the subject shall be briefly expressed in the title."

He points out, further, that the Florida Supreme Court has interpreted this language to require that the provisions of an act be "fairly and naturally germane to the subject described in the title." Davis v. Smith, 227 So.2d 342 (Fla.App. 1969) (Reed, J., dissenting) adopted by Smith v. Davis, 231 So.2d 517 (Fla. 1970); Miami Beach Kennel Club, Inc. v. Board of Business Regulation, 265 So.2d 373, 375 (Fla.App.1972). Because the title of the amended Wrongful Death Act, Law of March 8, 1972, ch. 35, § 1 [1972] Fla.Laws 176, contains no reference to repeal of the Florida survival statute, but only to the former wrongful death act, plaintiff argues that if it does abrogate rights under the survival act, it is to that extent violative of the state constitution.

■ We think it unnecessary to enmesh this court in decision of a novel question of Florida constitutional law, which would be better left in the first instance to the Florida courts, because the DOHSA unequivocally preempts state wrongful death statutes. Given the inapplicability of the Florida Wrongful Death Act, the court is persuaded that any effect it may have on the state survival statute cannot apply to bar recovery for the decedent's pain and suffering in this case. The applicability of the DOHSA is a matter of federal law

which has never been interpreted to require consideration of anything beyond the state survival statute. The wisdom of looking, as we do, only to the provisions of the Florida survival statute in applying the DOHSA, becomes evident from the fact that if the Florida wrongful death statute now abates survival actions, it does so in conjunction with newly expanded wrongful death remedies, such as recovery from the date of the decedent's injury rather than from the date of his death. Fla.Stat. § 768.-21 (Supp.1972). The DOHSA, of course, contains no such trade-off.

■ On the chance that the view we take of federal law may not withstand the rigors of appeal, however, it would be imprudent to avoid the state constitutional question altogether. The court is inclined at this time to concur in plaintiff's view that abrogation by the new wrongful death act of a survival claim would violate the Florida constitution. The title of the act nowhere gives notice that it affects the validity of any statute other than the wrongful death act it replaced. It is consequently difficult to conclude that it avoids the twin vices of fraud or surprise that could spring from a hidden provision abrogating rights under the survival statute, or that in that respect the title reasonably leads to inquiry into the body of the statute as the Florida constitution requires. King Kole, Inc. v. Bryant, 178 So.2d 2 (Fla. 1965); Bird Key Corp. v. City of Sarasota, 54 So.2d 245 (Fla.1951). We therefore have grave doubts that the wrongful death statute can pass muster under the Florida Constitution if it abrogates rights under the survival statute even where the wrongful death provisions do not apply.

■ Neither party has cited Florida cases to the court which consider the state constitutional issue, however, and independent research has disclosed none. Since such state rulings may yet come to light prior to the conclusion of the trial in this action, we will delay decision of

the state constitutional issue pending ruling on any appropriate motions made at trial. The court's determination then will reflect implicitly our final ruling on the Florida constitutional question.

The court is constrained to note in all fairness, however, that in the interest of judicial economy, doubt will be resolved in plaintiff's favor to permit trial of the disputed claims. Such a procedure would permit final disposition of this action upon any subsequent appeal, and would place the state law question before the Fifth Circuit which has the authority that this court lacks to certify novel questions of Florida law to the Florida Supreme Court. The parties are therefore hereby put on notice that if they wish to preserve any of these issues for appeal or to protect a potential judgment in their favor, they should be prepared to make appropriate motions at trial and to submit such jury instructions or special verdict forms as they may think necessary.

Defendant has also argued that the DOHSA claim does not state a claim for which a jury trial may be had, but must be considered without a jury on the admiralty side of the court. As plaintiff concedes, that is the law, and the DOHSA claim will therefore be heard non-jury during the jury trial of the other claims. Therefore it is,

Ordered and adjudged that defendant's motion to strike be and the same is hereby denied without prejudice to defendant's right to reassert the matters contained therein by appropriate motion during the trial of this action.