See also, D.C., 432 F.Supp. 231.

John SHIRES et al., Plaintiffs,

v.

The MAGNAVOX COMPANY et al., Defendants.

No. CIV-2-75-57.

United States District Court, E. D. Tennessee, Northeastern Division.

March 7, 1977.

3. The Court will issue further instructions if such advice is received.

Larry W. Weems, Jimmy Gray Cutshaw, H. R. Silvers, and Jerry W. Laughlin, Greeneville, Tenn., for plaintiffs.

N. R. Coleman, Jr., Greeneville, Tenn., Thomas M. Hafner, Fort Wayne, Ind., Daniel B. Silver and Henry J. Plog, Jr., Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

The defendant Ball Brothers Furniture Company (Ball Brothers) moved the Court to quash any service of process on it which was attempted on January 7, 1977 and dismiss the two supplemental complaints herein as to it. Rules 12(b)(4), (5), 15(d), Federal Rules of Civil Procedure.[1] The plaintiffs failed to make a timely response to such motion, local Rule 12(b), and are thus deemed to have waived any opposition thereto, local Rule 11(f).

By memorandum opinion and order herein of March 15, 1976, the Court granted the plaintiffs leave to file herein two sup-

---

1. Rule 12(f), Federal Rules of Civil Procedure, also cited in support of such motion, is obviously not applicable. *Egan v. Pan American World Airways, Inc.*, D.C.Fla. (1974), 62 F.R.D. 710, 712 [1]; *Nuccio v. General Host Corp.*, D.C.La. (1971), 53 F.R.D. 234, 238 [5]; *Thompson v. United Artists Theatre Circuit, Inc.*, D.C. N.Y. (1967), 43 F.R.D. 197, 201 [9].

plemental complaints " * * * on the condition that they [the plaintiffs] cause the same to be served *forthwith* upon the present and additional defendants. * * " [Emphasis supplied.] Rule 15(d), Federal Rules of Civil Procedure. The Court felt that such condition constituted one of " * * * such terms as are just. * * " *Idem.* The record reflects that, as to the additional defendant Ball Brothers, such service was not made (nor even attempted) until January, 1977. The Court does not consider this to have been " * * * forthwith. * * * "

Accordingly, the aforementioned motion hereby is GRANTED, and the Court, in its discretion, hereby QUASHES such service of process, and as to the defendant Ball Brothers this action hereby is DISMISSED.

Certain defendants moved the Court to " * * * exclude and bar * * * " herein any claims of the plaintiffs to the extent that the same accrued prior to certain specified dates.[2] The thrust of such motion is that any of the plaintiffs' claims, accruing prior to such respective dates, are barred by the 4-year statute of limitations, 15 U.S.C. § 15b.[3] The Court is unaware of any such procedural device as is asserted by such defendants but will consider the same as a motion to dismiss certain of the plaintiffs' claims for their failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure.

■ The statute of limitations is an affirmative defense and must be pleaded, as the defendants have previously done herein. Rule 8(c), Federal Rules of Civil Procedure; *Hayden v. Ford Motor Company*, C.A. 6th (1974), 497 F.2d 1292, 1293 [1]. Even so, the complaint is subject to dismissal for failure of the plaintiffs to state a claim upon which relief can be granted, Rule 12(b)(6), Federal

Rules of Civil Procedure, when such affirmative defense appears clearly on the face of the complaint. *White v. Padgett*, C.A. 5th (1973), 475 F.2d 79, 82 [1], certiorari denied (1973), 414 U.S. 861, 94 S.Ct. 78, 38 L.Ed.2d 112; *Jones v. Rogers Memorial Hospital*, (1971), 143 U.S.App.D.C. 51, 442 F.2d 773, 775 [4]; *J. M. Blythe Motor Lines Corp. v. Blalock*, C.A. 5th (1962), 310 F.2d 77, 78 [4]; *Berry v. Chrysler*, C.C.A. 6th (1945), 150 F.2d 1002, 1003–1004; *A. G. Reeves Steel Construction Co. v. Weiss*, C.C.A. 6th (1941), 119 F.2d 472, 476 [9–12].

Similarly, where the complaint reveals that a portion of the plaintiff's claims are barred by a statute of limitations, such claims may be disposed of by such a motion. *Baker v. F. & F. Investment*, C.A. 7th (1970), 420 F.2d 1191, 1198 [8], certiorari denied *sub nom. Universal Builder's, Inc. v. Clark* (1970), 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49, and *Action Realty Co. v. Baker* (1970), 400 U.S. 821, 91 S.Ct. 41, 27 L.Ed.2d 49. It not appearing from the complaint herein, or otherwise, at this time that any of the plaintiffs' claims are so barred, the motion hereby is DENIED.

The defendants moved the Court for an order compelling the plaintiffs to comply with this Court's memorandum opinion and order herein of May 26, 1976 requiring the plaintiffs to answer " * * * fully and unevasively * * * " each of certain interrogatories served on them October 15, 1975. Rules 37(a)(3), 37(b)(2), Federal Rules of Civil Procedure. The plaintiff Mr. Ricker hereby is ORDERED to answer in the aforementioned manner, within 10 days herefrom, such interrogatories nos. 4(d) (in its amended form) and 10(a).[4]

■ The respective responses by each of the three plaintiffs to interrogatories nos. 16 and 37 are wholly insufficient. Such

---

2. Such defendants do not specify which, if any, of the plaintiffs' claims they contend accrued without the applicable period of limitations.

3. "Any action to enforce any cause of action under [15 U.S.C. § 15] * * * shall be forever barred unless commenced within four years after the cause of action accrued. * * * " 15 U.S.C. § 15b.

4. Although counsel for the plaintiffs conceded that Mr. Ricker's answers to each such interrogatory were not proper, and it was represented that supplemental answers thereto would be forthcoming, the Court finds no evidence of such compliance.

interrogatories are entirely proper. Rule 33(b), Federal Rules of Civil Procedure; *Sargent-Welch Scientific Co. v. Ventron Corp.*, D.C.Ill. (1973), 59 F.R.D. 500, 502–503 [1], [2], [3–5]; *Joseph v. Norman's Health Club, Inc.*, D.C.Mo. (1971), 336 F.Supp. 307, 319 [13, 14]; see also *Union Carbide Corp. v. Travelers Indem. Co.*, D.C.Pa. (1973), 61 F.R.D. 411, 413–414 [6]. A party must disclose in his answers to interrogatories facts in his attorney's possession, even though the facts have not been transmitted to the party. *Hickman v. Taylor*, (1947), 329 U.S. 495, 504, 67 S.Ct. 385, 390, 91 L.Ed. 451, 459 (headnote 2). If the plaintiffs have no specific factual basis for their claims herein, they had no business including such allegations in their complaint. *Cf.* Rule 11, Federal Rules of Civil Procedure.

Each of the plaintiffs hereby is ORDERED to supplement his or her respective answers to such interrogatories nos. 16 and 37 within 10 days herefrom, so as to state specifically the factual and contention matters sought by each such interrogatory.

The aforementioned motion to compel, as the same pertains to such interrogatories nos. 9(a), (b), (c), and (d), has been rendered MOOT by the agreed order relating to discovery herein of February 7, 1977.

The defendants Messrs. Ted Ball[5] and Farley Gosnell moved the Court for a more definite statement of the plaintiffs' claims herein against them. Rule 12(e), Federal Rules of Civil Procedure. The motion lacks merit and hereby is DENIED. *Dennis v. Begley Drug Company of Tennessee, Inc.*, D.C.Tenn. (1971), 53 F.R.D. 608, 609 [2], [3]; *DeVore Brokerage Co. v. Goodyear Tire & Rubber Co.*, D.C.Tenn. (1969), 308 F.Supp. 279, 281 [6, 7]; *State of Tennessee ex rel. Davis v. Hartman*, D.C.Tenn. (1969), 306 F.Supp. 610, 612 [3, 4].

Numerous persons, named as individual party defendants herein moved the Court, *inter alia*, to quash service of process on them for alleged insufficiency thereof. Rule 12(b)(5), Federal Rules of Civil Procedure. The thrust of each such motion is that the appropriate provisions of the Tennessee long-arm statute, T.C.A. §§ 20–235, et seq., were not complied with by the plaintiffs.

" * * * This Court is authorized to follow Tennessee law in the service of process. Rule 4(d), Federal Rules of Civil Procedure. * * * " *Trussell v. Bear Manufacturing Company*, D.C.Tenn. (1963), 215 F.Supp. 802, 803 [1]. Herein, service of process on the moving defendants was attempted under the aforecited Tennessee statutes. The plaintiffs were required to provide evidence of such service, including a return receipt * * * signed by, or duly in behalf of * * * " the particular defendant concerned before " * * * service on the defendant shall be consummate. * * * " T.C.A. § 20–237.

■ " * * * [D]ue process requires proper service of process in order to obtain *in personam* jurisdiction over * * * the 'individual defendants.' * * * " *Amen v. City of Dearborn*, C.A. 6th (1976), 532 F.2d 554, 557 [1]. The Tennessee statutes, providing for substituted service of process, are in derogation of common-law rights and, in observance, must be strictly construed by the courts. *Yox v. Durgan*, D.C.Tenn. (1969), 298 F.Supp. 1365, 1366 [1]. The moving defendants appeared specially herein submitting the uncontroverted affidavit of their attorney, as well as certain individual affidavits, to the effect that "M. Levinson" who apparently signed the respective return receipts exhibited here was " * * not authorized by any of [such] defendants to accept service of process in their behalf. * * * "[6] The facts in such affidavits

---

**5.** Ms. Betty Jean Ball and Mr. Terry Ball, as coadministrators of the estate of Mr. Ball, were substituted for such decedent as parties defendant herein. Memorandum opinion and order herein of April 15, 1976.

**6.** The plaintiffs requested the Tennessee secretary of state to forward a copy of the summons

and complaint herein to each such individual defendant at 345 Park Avenue, New York, New York. Such is the address of The Magnavox Company, one of the corporate defendants herein. It is stated by affidavit that " * * * Margaret Levinson [an employee of such corporation] just happened to be at the receptionist's desk when the mail [containing such sum-

must be deemed to have been admitted for the present purposes. *Grantham v. Challenge-Cook Bros., Incorporated*, C.A. 7th (1969), 420 F.2d 1182, 1186 [7]; *Thomas v. Furness (Pac.) Ltd.*, C.A. 9th (1948), 171 F.2d 434, 435 [2], certiorari denied (1949), 337 U.S. 960, 69 S.Ct. 1522, 93 L.Ed. 1759; *McDavid v. James*, D.C.Tenn. (1973), 64 F.R.D. 182, 183 [1].

■■ " * * * The party on whose behalf service [of process] is made has the burden of establishing its validity. * * " 5 Wright & Miller, Federal Practice and Procedure: Civil 528, § 1353. The plaintiffs have failed to meet such burden, by demonstrating that the respective exhibited return receipts were " * * * signed by, or in behalf of * * * " the particular defendants listed, *infra*. " * * * [N]othing in the record indicates that [M. Levinson] * * * was authorized as the individuals' agent for service of process. * * * " *Amen v. City of Dearborn*, *supra*, 532 F.2d at 557 [2, 3]. An agency relationship of this type will not be implied. *Cf.* 62 Am.Jur.2d 827, Process § 46.

It results, that as to Messrs.:

James M. Whelan,
Donald L. Hamilton,
Alfred di Scipio,
Daniel F. Minahan,
John M. Fauth,
Jack W. Schrey,
Samuel J. Rozel,
James A. Egan,
Gerald A. Michaelson,
Kenneth Ingram,
Brack W. Duker, and
H. H. Jones, Jr.,

the aforementioned respective motions hereby are GRANTED, and, as to each such individual defendant, the Court, in its discretion, hereby QUASHES service of process thereupon.[7] *McDavid v. James, supra,* 64 F.R.D. at 183 [2]; see also and *cf.:* *Amen v. City of Dearborn, supra,* 532 F.2d at 557 [2, 3]; *Bell v. Hosse,* D.C.Tenn. (1962), 31 F.R.D. 181, 184–185 [6, 7].

■ For similar reasons the defendant the North American Phillips Corporation (Phillips) questions the sufficiency of service of process on it, and has moved, *inter alia*, that the same be quashed. Rule 12(b)(5), Federal Rules of Civil Procedure.

A copy of the complaint herein and a summons were mailed by the Tennessee secretary of state to such corporation at the address of its principal place of business at 100 East 42nd Street, New York, New York. The registered mail return receipt, however, reflects on its face that such process was delivered to Norelco Services, Inc. (Norelco), 103 East 41st Street in such city and state. The signature thereon reads "R. Oconst" who (apparently) is an employee of Norelco. The uncontroverted affidavit submitted by Phillips states that " * * * Norelco is not authorized to accept service of process in behalf of * * * " Phillips, even though it is a wholly-owned subsidiary of Phillips.

Under such circumstances, the plaintiffs have failed to meet their burden of showing that the aforementioned return receipt exhibited herein was " * * * signed by, or duly in behalf of * * * " Phillips. Such motion hereby is GRANTED, and the Court, in its discretion, hereby QUASHES

monses and complaints] was brought in. * * * "

**7.** Such disposition renders MOOT all other grounds urged by such defendants in their respective motions. The Court expresses no opinion as to whether, even had such service of process been proper, such individual defendants would have the minimal contacts with the state of Tennessee so as to give this Court jurisdiction over their person. See *Southern Machine Company v. Mohasco Industries, Inc.*, C.A. 6th (1968), 401 F.2d 374, 381 [5]. Furthermore, even with such personal jurisdiction, it is

not clear that the relationship of such individuals to this district would be sufficient to give this Court venue as to the plaintiffs' claims against them. See *ergo. Philadelphis Hous. Auth. v. American Radiator & San. Corp.*, D.C.Pa. (1968), 291 F.Supp. 252, 259–262, and (1969), 309 F.Supp. 1053, 1056–1057 [4], [5], [6]. (Judge Lord's theory as to this aspect of venue in antitrust cases is widely accepted as being the most appropriate. 15 Wright, Miller & Cooper, Federal Practice and Procedure 35–36, § 3806, n. 27.)

service of process herein as to the defendant North American Phillips Corporation.[8]

The defendant Mr. Robert H. Platt moved the Court to dismiss this action as against him for improper venue " * * * upon the ground that he is not 'found' nor does he have an agent within Tennessee * * * as contemplated by the provisions of 15 U.S.C. [§] 15. * * * " [9] Rule 12(b)(3), Federal Rules of Civil Procedure. The Congress has provided that a person who has been injured in his business or property " * * * by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides, or is found, or has an agent. * * * " 15 U.S.C. § 15.

■ There is no merit to the defendants' contention that the plaintiffs may not also rely on the provisions of the general venue statutes, 28 U.S.C. §§ 1391, et seq. " * * * [I]t is now clear—although there had been doubt about this prior to the Supreme Court decision on the relation of special and general venue statutes [*Pure Oil Company v. Suarez* (1966), 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474]—that the general statutes are applicable to antitrust cases. Accordingly, in laying venue an antitrust plaintiff may take advantage of [*inter alia* ] * * * the 1966 amendment of 28 U.S.C. § 1391(b) allowing suit in the district in which the claim arose. * * * " 15 Wright, Miller & Cooper, Federal Practice and Procedure 109–110, § 3818; *accord: United States Dent. Inst. v. American Ass'n of Orth.*, D.C.Ill. (1975), 396 F.Supp. 565, 573 [11]; *Iranian Shipping Lines, S. A. v. Moraites*, D.C.N.Y. (1974), 377 F.Supp. 644, 647 [1]; *Redmond v. Atlantic Coast Football League*, D.C.Ind. (1973), 359 F.Supp.

666, 669 [1, 2]; *Fox-Keller, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, D.C.Pa. (1972), 338 F.Supp. 812, 815 [2]; *Morton Buildings of Nebraska, Inc. v. Morton Buildings, Inc.*, D.C.Neb. (1971), 333 F.Supp. 187, 193 [4]; *California Clippers, Inc. v. United States Soccer Football Association*, D.C.Cal. (1970), 314 F.Supp. 1057, 1062–1063; *Albert Levine Associates v. Bertoni & Cotti*, D.C.N.Y. (1970), 314 F.Supp. 169, 170 [2–4]; *Philadelphia Hous. Auth. v. American Radiator & S. San. Corp.*, D.C.Pa. (1969), 309 F.Supp. 1053, 1056 [3], [4], [5]; *ABC Great States, Inc. v. Globe Ticket Company*, D.C.Ill. (1969), 304 F.Supp. 1052, 1054–1055 [2], [3]; *Adams Dairy Company v. National Dairy Products Corp.*, D.C.Mo. (1968), 293 F.Supp. 1135, 1141–1142 [4]; *Philadelphia Hous. Auth. v. American Radiator & S. San. Corp.*, D.C.Pa. (1968), 291 F.Supp. 252, 255 [1]; *School District of Philadelphia v. Harper & Row Publishers, Inc.*, D.C.Pa. (1967), 267 F.Supp. 1006, 1009 [1, 2]; *State of New York v. Morton Salt Co.*, D.C.Pa. (1967), 266 F.Supp. 570, 572–575 [1], [2], [3], affirmed *sub nom. City of Philadelphia, Pa. v. Morton Salt Co.*, C.A.3d (1967), 385 F.2d 122, certiorari denied (1968), 390 U.S. 995, 88 S.Ct. 1195, 20 L.Ed.2d 94.

The aforementioned motion of Mr. Platt hereby is DENIED.[10]

The defendant Mr. Thomas R. Maher moved the Court to quash service of process on him and to dismiss this action for lack of venue. Rule 12(b)(3), Federal Rules of Civil Procedure. As to venue, such defendant's contention is the same as that of Mr. Platt, *supra* ; accordingly, such motion is without merit as. to such ground. It further appears from Mr. Maher's personal affidavit that his activities occurring within the state of

---

8. Such disposition renders MOOT the other grounds urged by Phillips in its aforementioned motion. As with the individual defendants previously mentioned, serious questions would be presented as to *in personam* jurisdiction and venue as to Phillips, even had service of process been sufficient. See footnote 7, *supra*.

9. Although such motion cited the Tennessee long-arm statute, T.C.A. §§ 20–235, et seq., and although Mr. Platt's affidavit seemed to imply that he also questioned the sufficiency of ser-

vice of process on him and the Court's jurisdiction of his person, his motion patently was . limited to the venue question. The Court will consider such motion accordingly.

10. Apparently Mr. Platt does not question this Court's venue under 28 U.S.C. § 1391(b), except to the extent that he contends such statutory provision is not also available to the plaintiffs herein.

Tennessee, which are the basis of some of the plaintiffs' claims herein, were sufficient to allow this Court to exercise jurisdiction over his person.[11] See *Southern Machine Company v. Mohasco Industries, Inc., supra.* Mr Maher's motion hereby is DENIED.[12]

The answering defendants herein moved for a preliminary hearing on their first defense of the plaintiffs' failure to state a claim against them upon which relief can be granted. Rules 12(c), (d), Federal Rules of Civil Procedure; local Rule 12(c). Subsequently, such defendants moved the Court to defer a decision on such motion " * * until all of [the] plaintiffs' claims have been clearly defined and discovery has matured to the point of enabling [the] defendants to move for summary judgment on all claims to which summary judgment is appropriate. * * * "

Within 5 days herefrom, such defendants will show any cause they may have why the Court should not now consider such former motion.[13] If an oral hearing thereon is still desired, such parties should also so advise the Court.

---

11. Mr. Maher does not deny the plaintiffs' allegations that he participated in certain activities which are the subject of the plaintiffs' claims herein.

12. Mr. Maher does not question the sufficiency of the service of process on him: that is, he does not contend that the registered mail re-

turn receipt was not " * * * signed by, or duly in behalf of * * * " himself, T.C.A. § 20–237.

13. If such defendants do not desire the Court to decide such motion forthwith, they may withdraw the same.