334

Faye G. JONES, etc., Plaintiff,

v.

VOLKSWAGEN OF AMERICA, INC., et al., Defendants.

No. CIV-2-78-90.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 22, 1978.

Jerry S. Jones, Johnson City, Tenn., for plaintiff.

Harry Weill, Weill, Ellis, Weems & Copeland, Chattanooga, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A United States magistrate of this district granted, 28 U.S.C. § 636(b)(1)(A), the pretrial motion herein of the defendant Volkswagenwerk Aktiengesellschaft (VWAG) to quash, as insufficient, the service of process upon it. Rule 12(b)(5), Federal Rules of Civil Procedure. The plaintiff moved a judge of this Court to reconsider such ruling on the ground that same was clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

■ Due process of law, Constitution, Fifth Amendment, requires the proper service of process on a party defendant in order for a court to obtain jurisdiction of his or its person. *Amen v. City of Dearborn*, C.A. 6th (1976), 532 F.2d 554, 557 [1]. This Court is authorized to follow Tennessee law in the service of process. Rule 4(e), Federal Rules of Civil Procedure; *Trussell v. Bear Manufacturing Company*, D.C.Tenn. (1963), 215 F.Supp. 802, 803 [1].

■ Herein, service of process on VWAG was attempted under the provisions of the Tennessee long-arm statute, T.C.A. §§ 20-235 et seq. Thereunder, the plaintiff was required to provide evidence of such service, including a return receipt " * * * signed by, or duly in behalf of * * * " VWAG before " * * * service on the defendant shall be consummate. * * * " T.C.A. § 20-237. The Tennessee statutes providing for substituted service of process are in derogation of common-law rights and, in observance, must be strictly construed. *Shires v. Magnavox Co.*, D.C.Tenn. (1977), 74 F.R.D. 373, 376 [5]; *Yox v. Durgan*, D.C.Tenn. (1969), 298 F.Supp. 1365, 1366 [1].

The Tennessee secretary of state sought to serve a copy of the summons and com-

plaint herein on the defendant VWAG by mailing the same to Volkswagenwerk Aktiengesellschaft (A.G.), Mr. J. Stuart Perkins, 818 Sylvan Avenue, Englewood Cliffs, New Jersey 07632. It is established by uncontroverted affidavit that such address is that of the defendant Volkswagen of America, Inc. (VWoA), which is a wholly owned subsidiary corporation of VWAG; that VWoA was not an agent of VWAG for the service of such process, nor was it authorized to accept the same on this occasion; and that Mr. J. Stuart Perkins has not been designated as an agent for VWAG, nor was he authorized to accept such service of process in its behalf.

 The burden was on the plaintiff to establish the validity of the attempted service of process on VWAG. *Shires v. Magnavox Co., supra,* 74 F.R.D. at 377 [7], citing 5 Wright & Miller, Federal Practice and Procedure: Civil 528, § 1353. This included the necessity of a showing that the person or entity who signed for and received such process from the secretary of state was authorized to do so on behalf of VWAG. *Ibid.,* 74 F.R.D. at 377 [8]; see also: *Amen v. City of Dearborn, supra,* 532 F.2d at 557 [2, 3]; *McDavid v. James,* D.C.Tenn. (1973), 64 F.R.D. 182, 183 [1], [2]; and *Bell v. Hosse,* D.C.Tenn. (1962), 31 F.R.D. 181, 184–185 [6, 7]. The mere fact that VWoA is a subsidiary of VWAG does not establish that the former was the agent of the latter for the service of such process. 4 Wright & Miller, *supra,* at 401, § 1104; *Cannon Mfg. Co. v. Cudahy Packing Co.* (1925), 267 U.S. 333, 336–337, 45 S.Ct. 250, 251, 69 L.Ed. 634, 642 (headnote 1); *Stoehr v. American Honda Motor Co., Inc.,* D.C.Neb. (1977), 429 F.Supp. 763, 765 [3].

The plaintiff failed to meet his burden of showing that the service of process of VWAG was valid. Accordingly, the magistrate's order, quashing such service, was neither clearly erroneous nor contrary to law; it was eminently correct. The plaintiff's application, therefore, lacks merit and hereby is

DENIED.